Filed 2/8/16  P. v. Freeman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064588 |
| v. | (Super.Ct.No. INF1302292) |
| DARYL INIGO FREEMAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Charles Everett Stafford, Jr., Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Daryl Inigo Freeman pled guilty to attempted second degree murder (Pen. Code,[1] §§ 664/187, subd. (a)) and corporal injury to a spouse (§ 273.5, subd. (a)).  A trial court sentenced him to the agreed-upon term of nine years in state prison.  Defendant now appeals.  We affirm.

PROCEDURAL BACKGROUND

On March 24, 2014, defendant was charged by information with attempted deliberate and premeditated murder.  (§§ 664/187, subd. (a), count 1).  It was further alleged that he personally used a firearm during the commission of the offense. (§ 12022.53, subd. (b).)  The information also charged defendant with assault with a firearm (§ 245, subd. (a)(2), count 2), criminal threats (§ 422, count 3), corporal injury to a spouse (§ 273.5, subd. (a), count 4), and vandalism in the amount of $400 or more (§ 594, subd. (b)(1), count 5).  As to counts 2 and 3, it was also alleged that defendant personally used a firearm.  (§§ 12022.5, subd. (a).)

On April 8, 2014, defendant filed a section 995 motion to set aside count 1.  The court held a hearing and granted the motion.  It dismissed count 1 and its attendant firearm enhancement.

On January 28, 2015, this court granted a petition for writ of prohibition/mandate and directed the trial court to vacate its order granting defendant's motion to dismiss, and

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

to enter a new order denying the motion. (*People v. Superior Court* (*Freeman*) (Jan. 28, 2015, E061965) [nonpub. opn.].) The case was subsequently continued numerous times.

On August 7, 2015, the parties informed the court that they had agreed to strike the "deliberate and premeditated" language on count 1, as well as the firearm enhancement, which would leave the charge as an attempted second degree murder. The court struck the language and allegation and then proceeded to take defendant's plea. Defendant pled guilty to second degree attempted murder in count 1 and corporal injury to a spouse in count 4. The parties stipulated that there was a factual basis for the plea in the preliminary hearing transcript. In accordance with the plea agreement, the court sentenced defendant to a total sentence of nine years in state prison. Upon the People's motion, the court dismissed the remaining counts and allegations. The court initially issued an abstract of judgment reflecting that defendant was convicted of first degree attempted murder. However, it subsequently ordered the abstract of judgment to be corrected to reflect that the conviction in count 1 was for second degree attempted murder.

Defendant filed a timely notice of appeal, based on the sentence or other matters occurring after the plea.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

the case and several potential arguable issues: (1) whether defendant's plea was constitutionally valid; (2) whether defendant was sentenced in accordance with his guilty plea; (3) whether the court complied with its duty under section 1192.5 to establish a sufficient factual basis for the plea; and (4) whether the court complied with its duty under section 1009 in allowing the amendment of the information as to count 1. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST     

J.

We concur:

RAMIREZ     
     P. J.

MILLER     
     J.